IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **JONATHON MARTIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-3467-CV-S-RED |
| ) | |
| **CENTRAL HEALTH CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Before the Court is Defendant Central Health Corporation's ("CHC") Motion to Dismiss Count I with Prejudice (Doc. 5); Defendant Amanda Cooper's ("Cooper") Motion to Dismiss Count I and Count II with Prejudice (Doc. 6); Defendants Christian Health Care Hospice, Inc. ("Christian Health Care") and Regional Care Hospice, LLC's ("Regional Care") Motion to Dismiss Counts I and II with Prejudice (Doc. 7 & Doc. 8); and Plaintiff's Motion to Remand (Doc. 10). After careful consideration, this Court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendants' motions to dismiss for lack of jurisdiction.

### BACKGROUND

Plaintiff alleges that he began working for Regional Care on November 3, 2010. Plaintiff additionally alleges that Defendants CHC, Christian Healthcare, and/or Regional Care were engaged in a joint venture and enterprise and that Cooper was acting within the scope and course of said joint venture and enterprise or, alternatively, that Cooper was the agent of CHC, and/or Christian Healthcare and/or Regional Care and was acting within the scope and course of this agency.

Plaintiff began working for Regional Hospice on November 3, 2010. In June and July 2011, Plaintiff witnessed and reported two separate incidents of allegedly negligent activity. Thereafter,

on or about July 25, 2011, Plaintiff was terminated. On October 24, 2011, Plaintiff filed a lawsuit against CHC, Christian Health Care, Regional Care and Amanda Cooper in the Circuit Court of Greene County, Missouri for violations of § 198.070(11) and wrongful retaliation and discharge. CHC removed the case to this Court on diversity jurisdiction grounds.

Plaintiff is a resident of Missouri. CHC is an Arkansas corporation with its principal place of business in Arkansas; Christian Health Care is incorporated under the laws of Missouri; Regional Care is a limited liability company organized under the laws of Missouri; and Cooper is a resident of Missouri.

## DECISION

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). In the case at hand, jurisdiction is asserted on the basis of diversity of citizenship, which requires both complete diversity between the parties and an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332. At dispute is the diversity of the parties. Defendants argue that Plaintiff has fraudulently joined Defendants Christian Health Care, Regional Care, and Amanda Cooper and, further, that Plaintiff does not have a cause of action against these non-diverse defendants.

To determine whether a defendant has been fraudulently joined, the Court considers "whether there is arguably a reasonable basis for predicting that the state law might impose liability based on the facts involved." *Filla v. Norfolk S. Ry Co.*, 336 F.3d 806, 811 (8th Cir. 2003). When making this prediction, the Court "resolve[s] all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811.

Defendants argue that Plaintiff cannot establish a valid claim against any of the Defendants under § 198.070(11) as this statute does not provide for a private right of action. Though § 198.070(11) does not expressly state that it creates a private right of action, the Missouri Supreme Court has stated that a private right of action is "impliedly created by the language of § 198.070(11)." *Batchel v. Miller Co. Nursing Home District*, 110 S.W.3d 799, (Mo. 2003).

Moreover, § 198.070(11) provides that:

> No person who directs or exercises any authority in a facility shall . . . dismiss or retaliate against a[n] . . . employee because such . . . employee . . . has made a report of any violation or suspected violation of laws, ordinances or regulations applying to the facility which . . . an employee has reasonable cause to believe has been committed or occurred."

Here, Plaintiff alleges that he was terminated because he reported two incidents of allegedly negligent activity and, thus, has a private cause of action under § 198.070(11) against any individual "who directs or exercises any authority." Plaintiff's Petition alleges that "Central Health Corporation d/b/a Christian Healthcare Hospice, Christian Healthcare Hospice, Inc. and/or Regional Care Hospice, LLC are involved in the operation of Regional Hospice in Springfield Missouri", that these defendants "were engaged in a joint venture and enterprise" and that Cooper was either acting within the scope and course of the joint venture and enterprise or that Cooper was the agent of CHC, Christian Health Care, and Regional Care and was acting within the scope and course of that agency. At this stage in the litigation, there is little clarity as to who exercised authority over Plaintiff and who had the final say in his termination or any potential retaliation for his reports of alleged negligence.

Therefore, for the above stated reasons, and because "any doubts about the propriety of removal are resolved in favor of remand", the Court finds that there is a reasonable basis for

3

predicting that § 198.070 might impose liability on Christian Health Care, Regional Health Care, and Amanda Cooper and, thus, these defendants were not fraudulently joined. Accordingly, there is not complete diversity between the parties and this Court does not have jurisdiction over the case at hand.

For these reasons, Plaintiff's motion to remand (Doc. 10) is **GRANTED**. The above captioned case is **REMANDED** to the Circuit Court of Greene County, Missouri. Defendants' motions to dismiss (Docs. 5, 6, 7, & 8) are **DENIED** as this Court lacks jurisdiction to rule on these motions.

**IT IS SO ORDERED**.

DATED: February 7, 2012  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT